statement of events, probable cause still exists to support his arrest." Reply Br. at 5. They drop all references to Mr. Jones' physical obstruction of the officers and argue that "verbal actions" alone can rise to the level of obstructing police business. *Id.* at 8–10. But this effort to preserve the officers' appeal comes too late. *Cf. United States v. Campbell,* 279 F.3d 392, 401 (6th Cir.2002) (holding that "the appellant cannot raise new issues in a reply brief; he can only respond to arguments raised for the first time in appellee's brief" (internal quotation marks omitted)). And significant factual issues would remain whether or not the officers conceded that Mr. Jones did not physically obstruct them.

The appeal is DISMISSED for want of jurisdiction.

## ORDER

On April 17, 2002, the United States Supreme Court remanded *United States v. Craft,* 535 U.S. 274, 122 S.Ct. 1414, 152 L.Ed.2d 437 (2002), to the Sixth Circuit Court of Appeals for further proceedings. In light of the decision by the Supreme Court, we remand the case to the United States District Court for the Western District of Michigan for further proceedings in accordance with the Supreme Court's decision.

Sandra L. CRAFT, Plaintiff–
Appellee/Cross–
Appellant,

v.

UNITED STATES OF AMERICA, ACTING THROUGH THE COMMISSIONER OF INTERNAL REVENUE, Defendant–Appellant/Cross–Appellee.

Nos. 99–1734, 99–1737.

United States Court of Appeals,
Sixth Circuit.

March 21, 2003.

Before KEITH, COLE and GILMAN, Circuit Judges.

MEAD CORPORATION; Shawmut
Development Corporation
Plaintiffs—Appellees,

v.

Larry G. MASSANARI, Acting Commissioner of Social Security
Defendant—Appellant.

No. 01–3277.

United States Court of Appeals,
Sixth Circuit.

March 21, 2003.

Before NELSON, NORRIS and
BOGGS, Circuit Judges.